WALTERS & FARLEY vs. SYKES & HARMAN.

A *fi. fa.* sent to the sheriff, and received by him *precious* to the signing and filing the record, is not *irregularly* issued, if the sheriff be *directed to endorse it as received of a subsequent day*, and on *that day* the record be actually signed and filed, and a *levy* be not made until such proceedings are had.

The sheriff *pro hac vice* is the *special agent* of the plaintiff.

MOTION to set aside a writ of *fi. fa.* for irregularity. A deputy sheriff of Oswego received the writ, with a letter from the plaintiffs' attorneys, directing him to endorse it as received January 6, 1840, at 9 A. M. The letter was dated the 3d January, and mailed before judgment was per-

fected.    It enclosed the writ, with the intention to perfect the judgment at the time when the sheriff was directed to endorse the writ as received.    It came to the hands of the deputy on the *fourth,* but he endorsed it as received on the *sixth day* of January, and on the latter day after the record was signed and filed, made the levy, as the attorneys had directed should be done.

*A. Taber,* for the motion, cited 9 *Johns. R.* 385, *n. a.* ; 5 *Wendell,* 109 ; *Graham's Pr.* 363 ; 2 *R. S.* 284, §11 ; id. 288, §10.

*B. Davis Noxon,* contra.

*By the Court,* Cowen, J.    An *unqualified* mailing of the writ and its receipt by the deputy sheriff would undoudedly have been an issuing of it, and that would have been irregular until the judgment had been perfected.    *Marvin* v. *Herrick,* 5 *Wendell,* 109.    But he was directed by the plaintiffs' attorney to endorse it as received at a time *after* the record was in fact filed, and he did so—doing no act under it till after the judgment was perfect.    I do not see why the delivery may not as well be thus qualified and rendered finally effectual, as if it had been sent to a neighbor of the sheriff, to hold as agent for the plaintiffs' attorneys. The sheriff may be made their special agent as well as any other person, and cannot be said to hold the writ as sheriff till the time expired.    In that sense, the writ was not issued till the proper time.    It may be said to have lain with him as a private agent till that period ; for he was, in this respect, under the control of the plaintiffs' attorneys.    The delivery of a writ is as much an act *in pais* as the delivery of personal property,  which may always be qualified so as to make the receiver a mere bailee or agent up to a certain time, and the absolute owner afterwards.    A man sends his agent a general power to sell his horse, but in the letter enclosing it directs him to sell on a certain day ; the general agency does not take effect till the day ; for both must be considered to operate as one instrument, the special qualifying the general power.

There are several direct authorities that the attorney issuing any writ has power to qualify its general effect by whatever special directions he may think proper to give. Where he directs a special deputy to be appointed, this has been regarded as a material qualification of the sheriff's responsibility. *Ford* v. *Leche*, 6 *Adol. & Ellis*, 699. Lord Denman, Ch. J. said, the plaintiff's letter in that case amounted to this : " I make the sheriff my agent to issue warrants to two officers whom I appoint, and to whom I will give directions." That, he says, *supersedes* the authority of the sheriff, and makes the officers, not him, the persons who are to execute the process. *Littledale*, J. said the sheriff's duty was *suspended* for a time. *Patterson*, J. said the sheriff had *no choice*. In *Hamilton* v. *Dalziel*, 2 *Black. R.* 952, Graham, the plaintiff's attorney, sent a capias to Littledale, the under sheriff, with power to compromise ; and it was held, that the high sheriff was not accountable for any thing the under sheriff did under the writ. The latter made a special bailiff, one Clark, who arrested the defendant, and he escaped. The court held the sheriff was not even bound to return the writ. They said Littledale acted as *the agent* of Graham, and *not* in the capacity of under sheriff ; that Clark was therefore a special bailiff, nominated by the plaintiff's *agent*. Several other cases were cited in *Ford* v. *Leche* to the same effect, and there are some cases in this court to the like effect. *Gorham* v. *Gale*, 6 *Cowen*, 467, note (a) ; 7 *id*. 739, *S. C.* This was the case of an execution, and it was held that the attorney had power under his general warrant to control the sheriff and make a deputy his *private agent*.

In short, the result of the cases seems to be, that the attorney for the party in whose favor process issues, may give such directions to the sheriff as will not only excuse him from his general duty, but bind him. The attorney may make him *pro tanto* a special agent, by restricting his general power in any way which shall not amount to an abuse of the process, although he cannot enlarge the power. Both the process and the law which confers authority under it are for the benefit of the party ; and it is a general rule

that a man may dispense with an entire law which is intended for his aid or protection. It follows that he may qualify it to a greater or less extent, according to his discretion. None of the cases cited by the counsel for the defendants are incompatible with this doctrine.

Nor is the sending out an execution conditionally, forbidden by the statute. 2 *R. S.* 284, § 11. *Id.* 288, § 10. By the 11th section cited, "no judgment shall be deemed valid, so as to authorize any *proceedings* thereon; until the record thereof shall have been signed and filed; and by the 10th section cited, the officer is bound to endorse the hour of the day when he receives any execution. By regarding the deputy as the private agent of the attorneys, up to the hour when the record was filed, the case is the same in legal effect, as if the writ had been made out *provisionally*, but suffered to lay in the attorneys' office. It was not delivered out, nor endorsed, till the hour appointed by the attorneys; therefore, it was not a proceeding in the cause till that time.

I think the attorneys proceeded regularly, and that the motion must therefore be denied.