MARTHA M. STEVENS, ADMINISTRATRIX, *v.* ENOCH L. COLBY.

In a suit by an administratrix against a sheriff for the default of his deputy, the latter, not having taken upon him the defense of the suit, and having been released by the sheriff, is a competent witness, although the plaintiff did not elect to testify.

If an attorney of a creditor, acting under authority, delivers an execution to a deputy sheriff, and assumes to give special directions as to the mode and manner of executing the process, and makes a return upon it which he directs him to sign, and the officer obeys those directions, he is to be regarded as the agent of such creditor, and the sheriff will not be liable for a defect in such return.

CASE, against the sheriff of the county, for an insufficient return made upon an execution in favor of the plaintiff against one Bailey, by one Cummings, a deputy of the defendant. The court ruled that the return was insufficient.

The plaintiff did not testify.

Cummings was called as a witness by the defendant; the plaintiff objected that he was the defendant in interest and could not testify; the defendant executed and delivered a release to Cummings; the plaintiff objected that Cummings was still incompetent to testify; the court allowed him to testify and the plaintiff excepted.

It was stated in the return that Cummings sold Bailey's right in a tract of land and in eight shares of a bridge company for $324, and having deducted his fees, had applied the balance, $307.82, in part satisfaction of the execution and returned the execution satisfied to that amount.

There was evidence tending to show that one Harvey was interested with Mrs. Stevens in the execution, to the amount of one half of it.

The return was written by one Rogers, an attorney of the plaintiff, and signed by Cummings.

Subject to the plaintiff's exception, Cummings testified that Rogers gave him the execution, and he told Rogers he would take it and be governed by Rogers' directions—that Rogers said he would give him directions what to do and how to do it, and it would be all right—that he had followed all Rogers' directions, and Rogers had made all the writings.

Rogers being called as a witness by the defendant, testified that Cummings was not an officer of much experience—that he gave Cummings

some directions, but could not recollect the particulars—that he could not say that Cummings' testimony was not true, nor that it was true—that he was present at the sale—that at first a bid for a nominal sum was made for the land—that "we waited a while and could not get a bid of any consequence,"—that the plaintiff had shortly before that time proceeded to settle her husband's estate—that he (Rogers) was her general attorney and adviser—that he commenced the suit in which the execution was issued, and took such measures as he thought necessary to have all the business done right to protect her rights.

Subject to the plaintiff's exception, Rogers testified that he and Harvey were present at the sale—that when they found they could not get a bid of any consequence, he directed Cummings to delay the sale, and he and Harvey went to the plaintiff—that by his advice, the plaintiff and Harvey agreed that Bailey's interest in the land and bridge shares, should be bid in by somebody, for $324, for the joint benefit of the plaintiff and Harvey, and that no money should be paid—that he and Harvey returned to the place of sale and carried out the agreement, procuring one of the plaintiff's sons to bid off Bailey's interest for his mother.

The court instructed the jury that if Cummings received the execution upon the condition, and if he and Rogers understood that his liability as an officer should be limited—that he should only do what Rogers directed him to do, in the manner directed by Rogers—if Rogers was authorized by the plaintiff to make such an agreement—and if Cummings complied with the agreement, the verdict should be for the defendant—that an express direction of the plaintiff authorizing Rogers to make such an agreement was not necessary—that he was authorized to make it if the plaintiff and he understood that he was authorized to make it—that their understanding might be inferred from circumstances—that among such circumstances, were her situation and the fact that she was a woman, and the fact (if proved) that Rogers was her attorney in her suit against Bailey and in all her business—that, upon the question of damages, the statements in the return, that Bailey's rights were sold for $324, and that that sum, after deducting fees, was applied in part satisfaction of the execution, were evidence, but not conclusive evidence, of the value of the property sold. To which instructions the plaintiff excepted.

The jury returned a verdict for the defendant, which the plaintiff moved to set aside.

*Barker & Heywood*, for plaintiff.

*Ramsey, Burns & Fletcher* for defendant.

BELLOWS, J. Before the law of June, 1857, admitting parties and others interested to testify, a deputy, for whose default a sheriff was sued, was a competent witness upon being released by such sheriff; and this is too well settled to need the citation of authorities.

The law of 1857 made parties competent, unless the adverse party was an executor or administrator; but there seems to be no reason for

supposing that the statute designed to exclude any who were competent before, whether parties in interest or merely interested in the event of the suit. If the latter, they would clearly be made competent by the statute, even although the adverse party was an executor or administrator ; and there would be strong grounds for holding that where a party in interest at the commencement of the suit, but not upon the record, had ceased to have such interest at the time he was offered as a witness, he would be competent as before the statute, although the adverse party was an executor or administrator. But however this may be, the fact that the person offered as a witness is liable over to the sheriff, does not necessarily make him a party in interest, for he may decline to take upon himself the defense of the suit and leave the sheriff to his remedy on his bond. *Barker* v. *Remick*, 43 N. H. 239.

In the case before us it does not appear that Cummings had taken upon himself the defense of the suit ; on the contrary at the time he testified he had apparently no interest in it whatever, and under those circumstances he could not, we think, be regarded as a party ; and so is *Barker* v. *Remick*, before cited.

The remaining question is, whether the liability of the sheriff for the insufficient return is modified or controlled by an agreement with the plaintiff or her agent. The court instructed the jury that if the deputy received the execution upon the condition that his liability as an officer should be limited, and that he should only do what Rogers, the attorney, directed him to do, and in the manner directed by him, and that Rogers was authorized to make such an arrangement, the verdict should be for the defendant. It appeared that the return was written by said Rogers and that it was insufficient, and we are of the opinion that there was evidence on which it was competent to find that such an arrangement was made, and that Rogers had authority to make it.

The evidence tended to prove that Rogers was the plaintiff's general attorney and adviser ; that he brought the suit in which the execution was issued ; that he gave it to the deputy and directed him to be governed by his directions, and he would tell him what to do and how to do it, and it would be all right ; and it appeared that the sale on the execution was made under Rogers' directions, and that while it was going on he consulted the plaintiff.

If, then, such an agreement was made, and the deputy followed the attorney's direction, and signed the return made by him, the defendant would not, we think, be liable for its insufficiency. To make the sheriff responsible for the acts of his deputy, they must be done in the regular course of his official business ; and therefore if the creditor assumes to control the acts of the deputy, and direct him as to the mode and manner of executing those acts, he thereby makes him his own agent, and the sheriff is not responsible for any default caused by obeying those directions. To hold otherwise, and make the sheriff liable for the creditor's own mistakes would be palpably unjust ; and such a doctrine is not sustained by the authorities. Indeed, the authorities are clearly the other way.

In *Willard* v. *Goodrich*, 31 Vermont 599, it is held that when a

party or his attorney assumes to give special instructions to an officer in regard to the execution of process in his hands, differing from his legal duty, the officer is exonerated from his legal liability. He ceases to be a public officer, and becomes a private agent. So is *Strong* v. *Bradley*, 14 Vt. 55.

So when an attorney approves of a receipt for personal property attached on a writ, the sheriff is relieved, from responsibility for the safe keeping of the property; *Jenney* v. *Delesdernier*, 20 Maine 183, where the power of an attorney is much discussed. So when the creditor endorses on his writ directions as to what property shall be attached, the officer is not bound to attach any other. *Marshall* v. *Hosmer*, 4 Mass. 60; *Goddard* v. *Austin*, 15 Mass. 133; see also *Ball* & *al.* v. *Badger*, 6 N. H. 405.

· So it is held that the directions of the attorney who prosecuted the suit and obtained judgment have the same effect; as in *Willard* v. *Goodrich*, 31 Vt. 597; *Doe* v. *Frye*, 5 Bing. N. C. 569, where the attorney requested the sheriff to appoint a. particular officer, gave him his warrant, went with him to the debtor's house, and encouraged an illegal arrest from which the debtor afterwards escaped; *held* that the sheriff was not liable on the ground that the plaintiff controlled the discretion of the officer in directing him to thrust his hand through a paper in the window to open the door, and arrest the debtor.

So in *Gorham* v. *Gale*, 7 Cow. 739, it was held that an attorney, under his general warrant, has authority to give directions to enforce the execution obtained by him, and if he does, and the deputy conforms to them, the sheriff is not liable, for he is liable only for official acts and misconduct; and see cases cited.

In *Jenney* v. *Delesdernier*, 20 Maine 191, which was much considered and numerous cases cited, it is laid down that the attorney may control the remedy on a demand left with him for collection, although he cannot release or .discharge the cause of action without payment, and he may therefore direct what attachment to make and what receipt the officer may take.

In some cases it has been said that the power of the attorney determines on the rendition of judgment. *Tippling* v. *Johnson*, 2 B. & P. 357; *Jackson* v. *Bartlett*, 8 Johns. 367; citing for authority 1 Roll. Abr. 291; *Morton's Case*, 2 Show 139.

However, it is now settled the other way by a great weight of authority, which accords with· our own practice and the case of *Cheever* v. *Merrick* & *al*, 2 N. H. 379. So is *Bank of Georgetown* v. *Geary*, 5 Peters 113, where it was held that the power of the attorney does not cease with the entry of judgment, and that an agreement by him with the endorser of a note, that if he would confess judgment, the execution should first be enforced against the maker, is binding, and that proceedings upon the execution are proceedings in the suit. So is *Lewis* v. *Gamage*, 1 Pick. 350, recognized in *White* v. *Hildreth*, 13 N. H. 107, which also recognizes *Bank* v. *Geary* before cited. See also *Steward* v. *Biddlecum*, 2 Comst. 103, and *Conner* & *al* v. *Southland*, 3 Hill's Rep. 552, 555, and *Watkins* v. *Sykes*, 22 Wend. 568. These cases

hold that the authority of the attorney continues at least a year and a day after judgment.    Upon the same general principle it is held in England that if a special bailiff be appointed at the request of the plaintiff the sheriff is not responsible.    *DeMoranda* v. *Dunkin & al,* 4 T. R. 119 ; *Ford* v. *Lecke,* 6 A. & E. 699 ; *Ball* v.· *Badger,* 6 N. H. 405.

Upon these grounds, we think the jury might legally find that·such an arrangement as the instructions contemplated was made, and we are of the opinion that the sheriff would not be responsible for a defect in the return drawn by plaintiff's attorney in such a case.

Therefore there must be

*Judgment on the verdict.*