JEROME FORT, PLAINTIFF, *v.* JOHN M. WHIPPLE, DEFENDANT.

*Negligence — liability of principal to employe, for negligence of co-employe — when question of negligence should be left to the jury.*

A. contracted to build a bridge, and employed the defendant, a skillful builder, and gave him the sole management and control of the work and of the manner of carrying it on, all the other employes being in all respects subject to his orders. Under defendant's direction and supervision a scaffold was erected, secured by stay-laths, upon which laborers worked and materials were placed. Some of these laths were removed by direction of defendant, the plaintiff aid-

ing in so doing. Subsequently the scaffold fell, and plaintiff was injured thereby. The manner of constructing the scaffold and the material of which it was composed, were described to the jury.

In an action by the plaintiff to recover the damages sustained by the injury occasioned by the falling of the scaffold, the plaintiff was nonsuited. *Held,*

That under the circumstances of the case, the principal was responsible to plaintiff for any negligence of the defendant;

That an action could be maintained against the principal or the defendant, or against both jointly.

That the questions as to the negligence of the defendant and the contributory negligence of the plaintiff should have been left to the jury.

*Quære,* as to whether an employe would be liable to a co-employe for a mere non-feasance or neglect of duty, in a case in which the principal himself would not be liable.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a nonsuit directed at the Circuit.

*J. E. Dewey,* for the plaintiff. This was not a proper case for a nonsuit. If there is any evidence tending to show negligence of either party the question is for the jury; so, also, as to the primary cause of the accident producing the injury; and a nonsuit is erroneous. (*Macauley* v. *The Mayor, etc.,* dec. in Ct. Apps., Dec. 12, 1876, FOLGER, J.; Abst. 4 N. Y. Weekly Dig., 135; *Coughtry* v. *The Globe Wool Co.,* 56 N. Y., 124; *Woolfkiel* v. *Sixth Av. R. R.,* 38 id., 49; *Colt* v. *Same,* 49 id., 671; S. & R. on Neg., 13, *n.* 2 [2d ed.]; *Mahar* v. *Cent. Park, etc., R. R. Co.,* Ct. Apps., Sept. 19, 1876; Abst. 14 A. L. J., 330; *Ackert* v. *Lansing,* 59 N. Y., 646.) Where the facts in issue depend upon inferences to be drawn from the facts proved, it is always a question for the jury and not for the court. (*Sherwood* v. *Merc. M. Ins. Co.,* Ct. of Apps., May, 1876, ALLEN, J.; Abst. 2 L. and Eq. R., 51 id., 365–367; *Justice* v. *Lang,* 52 N. Y., 328, 329.) Assuming the defendant to have been a servant also, which was not proved, he was liable for his own personal negligence. (S. & R. on Neg., §§ 112, 114, 601; *Witte* v. *Hague,* 2 D. & R., 33; 16 E. C. L., 67.) The master and servant may be sued jointly or separately for the negligence of the latter. (*Wright* v. *Wilcox,* 19 Wend., 343; *Phelps* v. *Wait,* 30 N. Y., 78; *Suydam* v. *Moore,* 8 Barb., 358; *Montfort* v. *Hughes,* 3 E. D. Smith, 591; S. & R. on Neg., § 115.) Where, by reason of the servant's negli-

gence, a recovery is had against his master, he may recover over against the servant not only the damage recovered but the expense of the litigation. (*Grand Trunk, etc.*, v. *Latham*, 63 Me., 167; *Greene* v. *N. R. Co.*, 4 T. R., 589; *Pritchard* v. *Hitchcock*, 6 M. & G., 165.) Though the parties were fellow-servants, the plaintiff could recover against the party actually guilty of the wrong. (S. & R. on Neg., § 112; *Pack* v. *The Mayor, etc.*, 8 N. Y., 225; Story on Agency, § 453, *d.*) Here he stood in the place of the employer as to the plaintiff. (*Siegel* v. *Schantz*, 2 T. & C., 353; Whart. Neg., § 222.) If the master himself works with and injures one of his servants by his negligence, he is liable therefor; and if he has partners in the business, they are liable also. (*Ashworth* v. *Stanwix*, 3 E. & E., 701; *Mellors* v. *Shaw*, 1 B. & S., 437; *Lansing* v. *N. Y. C. R. R. Co.*, 49 N. Y., 528, 529.) Although defendant knew or was informed it would be dangerous to take up the stay-lath connecting the bents of the scaffold together, yet he persisted and continued to remove them, giving assurances of safety. (*Patterson* v. *Wallace*, 1 Macq. H. L. Cas., 748; S. C., 28 E. L. & E. R., 48; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y., 521.) The plaintiff here had the right to rely with entire confidence upon the superior skill, experience and knowledge of the defendant. (*Connolly* v. *Poillon*, 41 Barb., 366; affmd., 41 N. Y., 619, *n.*; S. & R. Neg., § 92; Whart. Neg., § 222.)

*L. W. Fiske*, for the defendant. The facts not being disputed the question whether there was negligence or not is a question of law, and the learned judge rightly refused to let the case go to the jury. (*Ernst* v. *Hud. Riv. R. R. Co.*, 35 N. Y., 9; *Bernhardt* v. *Rens. and Sar. R. R. Co.*, 23 How., 166, Ct. of Apps; *Blackwell* v. *Wisewell*, 14 id., 258.) The burden of proof is upon the plaintiff in actions like this. (*Burton* v. *Hud. R. R. R. Co.*, 18 N. Y., 248; *Lamb* v. *Camden and Amboy R. R. Co.*, 46 id., 271; *Caldwell* v. *N. J. Steamboat Co.*, 47 id., 291; 4 Keyes, 103; 56 Barb; 493.) To enable them to make out a *prima facie* case they must prove, first, that the defendant owed some duty to plaintiff and resting upon him to perform. (See 20 N. Y., 50, 51; *Curran* v. *Warren Chemical Mfg. Co.*, 36 N. Y., 153; *Loop* v. *Litchfield*, 42 id., 357; 38 Barb., 173, GRAVES, J.; 51 N. Y., 495; Webs. Dic., tit. "Ng."; *St. Louis and C. R. R. Co.* v. *Todd*, 36 Ill., 409; *Gardner* v.

*Heartt,* 3 Denio, 232, 236; S. & R. on Neg., § 2; *Tonawanda R. R. Co.* v. *Munga,* 5 Denio, 255, 267; *Todd* v. *Cochell,* 14 Cal., 57; *Campbell* v. *Rear Riv. Min. Co.,* 35 id., 679.) They must prove that the change in the temporary stay-lath was in fact danger-ous; that defendant knew it to be so, and this change actually caused the scaffolding to fall. This must be proved and not left to conjec-ture. (1 Daly, 431; 29 Barb., 234, 236; *Rood* v. *N. Y. and Erie R. R. Co.,* 18 id., 80, 85; *Blythe* v. *Birmingham Works,* 11 Exch., 781.) It must be shown conclusively, that the scaffolding fell because of some act or omission of defendant. (18 N. Y., 2, 8, 252; 2 Kern., 236; 47 N. Y., 29; *Payne, Admrx.,* v. *Forty-second St. R. Co.,* Supr. Ct. [Gen. T.], Aug. 3, 1875.) They must show that the plaintiff did not know what kind of business he was engaged in and could not know the risks; that defendant was careless and heedless in his supervision of the work, and kept himself out of the way of danger to himself. The law of this State is well settled that when a person hires out to perform hazardous work, he becomes his own insurer. (See *Gilnow* v. *Erie R. R. Co.,* decided Dec. 26, 1875, Ct. Apps.; 1 N. Y. W. Dig., 544; *Malone* v. *Harter,* Ct. Apps., decided July, 1876; S. & R. Neg., § 86; 39 N. Y., 468; 25 id., 564–567; 49 Barb., 324; *Owen* v. *N. Y. C. R. R. Co.,* 1 Lans., 108; 17 N. Y., 153; 13 Alb. Law Jour., 241; *Harvey* v. *Dunlop,* H. & D., 193; 44 N. Y., 480; 47 id., 290.) They must show that the scaffold-ing did not fall from some latent defect or an unavoidable accident, for men are never held liable for latent defects or for unavoidable accidents. (*Harvey* v. *Dunlop,* H. & D., 193; *Calkins* v. *Bruyn,* 44 Barb., 424; 44 N. Y., 480; 8 Cow., 175.) They must show that the defendant did not exercise ordinary prudence; that he followed some unusual plan; that he failed to take some precaution, which a person of experience would have taken. (18 Barb., 80; *Livingston* v. *Adams,* 8 Cow., 175, 176; *Exchange Fire Ins. Co.* v. *Delaware and H. Canal Co.,* 10 Bosw., 180.) The master not being liable, the servant cannot and ought not to be, either in principle or by authority. (*Mayor, etc., Albany* v. *Cunliff,* 2 N. Y., 165; see Judge Strong's reasoning, p. 180.) The law has been settled in England in the same way. (*Southcote* v. *Stanley,* 1 H. & N., 247.) The cases in this State which hold that there is no liability for negligence except where there is a privity of contract or some duty owed, are in prin-

ciple like the above, and would seem to preclude any possibility of recovery. (*Coughtry* v. *Globe Woolen Co.*, 1 T. &. C., 452; *Loop* v. *Litchfield*, 42 id., 351; *Burrett* v. *The Singer Mfg. Co.*, 1 Swee., 545; *Losee* v. *Clute et al.*, 51 N. Y., 495.)

BOCKES, J. :

At the trial the plaintiff was nonsuited, and the case comes before the court on a motion for a new trial, by the plaintiff, on exceptions ordered to be heard in the first instance at General Term.

As to the leading facts of the case, as it is now presented on the exceptions, I do not understand the parties to differ in any essential respect. It was proved that one James W. Shipman had a contract to build an iron bridge across Schoharie creek in Montgomery county. He gave no personal supervision to the work, but employed the defendant, who was a skillful builder, and put him in charge furnishing the materials himself and himself hiring and paying the laborers. The defendant had the personal charge and superintendence of the work, and the plaintiff was a common laborer under him and was subject to his direction and control. To aid in the construction of the bridge, a scaffolding was erected on which the laborers worked, which was also loaded to some extent, with material. This scaffolding was composed of bents, stay-lathed together to keep them firm and in place. Some of these stay-laths having been removed, the scaffolding fell, carrying down the laborers and among them the plaintiff, who received in consequence severe injury. The scaffolding was erected under the defendant's personal supervision, and he directed the removal of the stay-laths, the plaintiff aiding in the work as directed by the defendant. The purpose for which the scaffolding was erected, the materials of which it was composed, and the particular mode or manner of its completion, with the safeguards by which it was intended to be kept in place, as well as its mode of use, were all, as matter of evidence, before the court and jury. The plaintiff requested to have the case submitted to the jury on the question of the defendant's liability, but the court declined so to submit it, and directed a nonsuit, to which ruling the plaintiff excepted.

The question here presented is not whether the plaintiff, in point of fact, made out a cause of action entitling him to a verdict in his

favor for the damages he had sustained by the falling of the scaffolding, but whether he made out such a case as gave him the right to have the opinion of the jury on the subject. It becomes necessary, therefore, first, to inquire whether there was any insuperable objection, in law, to a recovery, growing out of the relation of the parties, both being engaged in the work as employes of the same principal; and, second, whether there was sufficient proof of negligence on the part of the defendant, and of an absence of contributory negligence on the part of the plaintiff, to raise a question of fact on the evidence.

It seems that the defendant was put in charge of the work by the contractor, Shipman, and directed the plaintiff and others, all of whom were under him, and were in all respects subject to his direction. As regarded the mode of conducting the work, he had entire and sole control. Every thing in that regard was left to him; he had its sole management and direction; and the injury complained of, if chargeable to him, grew out of such personal supervision and conduct. In the performance of the work, he represented the principal, and stood in his place. He was more than a mere fellow-servant with others, charged with a special duty, he was the general agent of the principal, placed there by the latter to direct and control the others. As was said by Judge ALLEN, in *Malone* v. *Hathaway* (64 N. Y., 5–10), such an agency must not be confounded with the position of a mere foreman, one charged with special duties, but performing them under general or special instructions from the principal, who retains and has the general supervision of the business, and to whom, and to whose immediate direction, all are subject. The subject now under discussion received a very critical review by Judge ALLEN, in *Malone* v. *Hathaway* (*supra*), rendering its further examination by us, by argument, quite useless, indeed, presumptuous. The learned judge there fully recognizes the familiar rule of law, that the master is not liable to his servant for an injury consequent upon the negligence of a co-servant in the same general service, when the latter has not been negligently employed or kept in service, and this even although the injured and the one causing the injury are not equal in station and authority, But he says that an exception is grafted upon the rule, to the effect that " when the servant by whose acts of negligence or want

of skill other servants of the common employer have received injury, is the ' *alter ego* ' of the master, to whom the employer has left every thing, then the middleman's negligence is the negligence of the employer, for which the latter is liable." He adds: " The servant in such case represents the master, and is charged with the master's duty." True, he says " to whom he has left every thing," but by this is meant " *every thing* " connected with the particular subject or thing on which the alleged negligence is predicated — in this case, the manner of constructing the scaffolding and the means employed in maintaining it in place. As to this branch of the work, there had been an entire delegation of power and control, by Shipman, to the defendant. The duties pertaining to this branch of the work were not performed at all under Shipman's direction, but as to that the defendant had entire and sole control. So it was held in the case cited that where the master withdraws from the management of the business (in this case, the construction and due guarding in place of the scaffolding), and intrusts it to a middleman or superior servant, the master can be held liable to a subordinate for the negligent acts of one thus acting in his stead. This is but a reiteration of the rule laid down in *Corcoran* v. *Holbrook* (59 N. Y., 517) ; in *Flike* v. *Boston and Albany Railroad Company* 53 id., 549), and in *Laning* v. *New York Central Railroad Company* (49 id., 521) ; and it was also declared, in *Corcoran* v. *Holbrook*, that the rule was applicable as well to individuals as to corporations.

Now if it be here admitted, as I think it must be, that Shipman, the principal, was bound to exercise proper care to prevent the accident which occasioned the injury complained of, and that he delegated the duty he owed to his employes to the defendant, then the latter represented Shipman as agent, and both were liable alike for the culpable negligence of the latter to the injury of the employes, under the rules of law applicable to this class of actions. In that case an action would lie against either or both jointly for the injury. (*Suydam* v. *Moore*, 8 Barb., 358 ; *Phelps* v. *Wait*, 30 N. Y., 78.) There was, therefore, no insuperable difficulty in law growing out of the relation of the parties to each other as co-employes.

We are not now called upon to decide the question whether an

action may or may not be maintained for negligence by one employe against another, where both, are engaged in the same service under a common employer, in a case where the latter would not be liable. Of course an action would lie in such case for a direct injury as a trespass; but, perhaps, there might be a question whether an action would lie in,such case for a mere non-feasance or simple neglect of duty. (See remark of DENIO, J., in *Blackstock* v. *N. Y. and E. R. R. Co.*, 20 N. Y., 50, 51.) But this question is not necessarily before us in this case, in the view above taken of it.

Having reached the conclusion here stated, the remaining question is whether the plaintiff was entitled to have the opinion of the jury on the evidence as to the defendant's liability to him for negligence. How the jury would have found, whether for the plaintiff or for the defendant, is not the question. If there was evidence submitted calling for the exercise of their judgment, the case was for them to determine. That there was such evidence cannot, I think, be denied. How they would have construed it, and what would have been their conclusion, is quite a different matter. The purpose of the structure; its mode of construction; how it was protected in place, and whether or not it was improperly or carelessly weakened by the removal of the stay-laths on the defendant's order, were facts to be considered by the jury. They were to determine whether the defendant was culpably at fault in these particulars. And it was not only necessary that they should find that the injury to the plaintiff was occasioned by the defendant's negligence, but also the further fact that the plaintiff was himself free from fault, that is, that his negligence in no way contributed to the accident. Unless the jury should find in the plaintiff's favor on both these propositions he could not recover.

It is also true that when a person hires out in a hazardous employment, he becomes, in a general sense, his own insurer against the risks incident to it. He then must take the chances of injury from such dangers as are fairly within the line of duty under the employment, and he must graduate his demand for compensation in view of the risks incident to the service.

It is urged that the plaintiff was clearly guilty of contributory negligence, that he aided in the erection of the structure, knew of

its condition, knew of the removal of the stay-laths, yet continued to labor upon it. On the other hand it may be urged that he was assured by the action, if not by the words of the defendant, on whose assurances he might rely, that the structure was safe. In this aspect of the case, it would become a question for the jury whether the plaintiff was guilty of rashness, whether he failed to obey the dictates of common prudence in remaining on the scaffold, and the question would still remain on the whole case, whether the defendant had acted towards the plaintiff with due care and prudence. (*Span* v. *Ely*, 15 N. Y., Sup. Ct. Rep. [8 Hun], 255, 258, 259; *Patterson* v. *Wallace*, 28 Eng. Law and Eq., 48.) I am of the opinion that a case was made for the jury on the proof. It follows that a new trial must be granted.

LEARNED, P. J., concurred in the result. BOARDMAN, J., not sitting.

New trial granted, costs to abide event.