In the Matter of WILLIAMS.

*(Surrogate's Court, Cattaraugus County, Filed January, 1894.)*

APPEAL—SURROGATE—CASE.

Under Supreme Court Rule 32, a surrogate may permit service of a case and exceptions after expiration of the time therefor.

Motion for leave to serve a case and exceptions.

Henry R. Curtis (C. D. Van Aernam and Alfred Spring, of counsel), for the motion; C. Z. Lincoln, opposed.

DAVIE, S.—On the 17th day of April, 1893, a decree was made directing the mortgaging of the real estate of which the intestate died seized for the payment of his debts, which decree also established a personal claim in favor of the administrator against the estate. On the 6th day of June, 1893, a copy of such decree, with a notice of entry properly indorsed on the back thereof, was personally served upon the contestants' attorney. On the 4th day of December, 1893, contestants served a proposed case containing exceptions upon the attorney for the administrator,

he being the petitioner in the proceedings for the disposal of the real estate for payment of debts of intestate. The petitioner's attorney immediately returned such proposed case and exceptions, with his reasons for so doing indorsed upon the back thereof, viz., that the same was served too late, that no appeal was pending in said matter, and that such proposed case was not in conformity with the requirements of section 796 of the Code, not being legibly written. The first question to be determined upon this motion is whether or not an appeal is, in fact, pending; for, if no such appeal has been taken, and the time for appealing fully expired, no reason exists for granting the relief sought. It appears from the moving papers herein that after the entry of the decree negotiations for settlement were entered into between the parties, and, in consequence, certain correspondence ensued between the attorneys regarding an extension of time for service of notice of appeal and a case herein. On the 12th day of August, 1893, a notice of appeal was personally served upon the petitioner's attorney, which was immediately returned with the indorsement that the same was served too late. A motion was thereupon made for the purpose of determining whether such service was seasonably made or not. All the correspondence between the parties bearing upon the question of extension of time was then before the court, and it was thereupon determined that the proper construction to be placed upon such correspondence was that, under all the attendant facts and circumstances, it did, in effect, constitute a valid extension of time for taking an appeal and serving a case for a period of 60 days, which had not yet elapsed when such notice of appeal was served; and an order bearing date on the 20th day of October, 1893, was thereupon made and entered, reciting to some extent the history of the poceedings, and providing "that said appeal be allowed; that said Curtis re-serve said notice of appeal upon said Lincoln within twenty days after date of this order, and that said Lincoln accept and retain said notice." On the 15th day of November, 1893, contestants' attorney remailed the notice of appeal to petitioner's attorney, who at once returned it,

with the reasons indorsed that it was served too late, that it was not properly served, and that it did not appear therefrom who the parties to such appeal were.    It is entirely apparent that the service of November 15, 1893, was not sufficient to perfect an appeal in the first instance.    There is no authority for taking an appeal from an order or decree of a Surrogate's Court by service of notice of appeal by mail.   Code, section 2574..   If no appeal was, in fact, then pending, it was of little consequence in what manner the original notice of appeal was returned to the petitioner's attorney.    Of course, no court has the authority to extend the time for taking an appeal, or to allow an appeal to be taken after expiration of time (id. sec. 784; Clapp v. Hawley, 97 N. Y. 610); but it was entirely competent for the parties to stipulate an extension of time or to waive any statutory provision made for their benefit (*Ex parte* Crosby, 8 Cow. 119; Buell v. Trustees of Lockport, 3 N. Y. 197; Root v. Wagner, 30 N. Y. 9-17; Baker v. Braman, 6 Hill, 47); and the only question involved in the former motion was as to whether or not the parties had in effect stipulated such extension, and the decision of such motion was a judicial determination that the acts and correspondence of the attorneys constituted such extension, and a notice of appeal having been served within such extended time, petitioner's attorney was not justified in refusing to accept the same.    The case and exceptions, however, were concededly served too late, and it is now urged in opposition to this motion that the Surrogate's Court possesses no authority to relieve the contestants in this particular, or to permit the service of a case after the expiration of the time therefor, whatever the excuse for such default, or however meritorious the application.    If such is the case, the practice in Surrogates' Courts is sadly defective; and, if there is at present no law sanctioning the granting of such relief in a proper case, a little law should be immediately made remedying such defect.    But a little observation will show that parties are not remediless in such a case.    Very general authority is given to courts of record in the exercise of their discretion to relieve a party from the consequences of an omission

to do an act necessary to protect his rights, upon good cause shown (Code, sec. 783), and under the authority of this section courts very generally grant the right to serve a case after the expiration of the time therefor, upon proper application being made, and upon such terms as seems just. This section is not in terms made applicable to Surrogates' Courts (id. sec. 3347, subd. 4); but, if the authority to grant relief in cases of this kind is not specifically conferred upon Surrogates' Courts by virtue of the section of the Code cited, and is not an inherent power necessarily incident to its general authority and jurisdiction, specific authority seems to exist from the provision of Supreme Court Rule 32. This rule limits the time in which to serve a case, where an appeal is taken from an order or decree of a Surrogate's Court, to 10 days after service of such decree or order and notice of entry thereof, but the rule further provides that "the surrogate, on appeal from his court, may, by order, allow further time for the doing of any acts above provided to be done on such appeal;" and it cannot with any degree of consistency be urged that the power to extend the time in which to serve a case, granted by this rule, must be exercised before the expiration of the time for so doing. The only reasonable construction to be placed upon the provision of rule 32, above quoted, in view of the general mode of procedue in other courts and of the objects to be attained, viz.: a careful protection and supervision of the rights of all the parties, is that the Surrogate's Court is clothed with ample authority thereby to permit a party, at any time after an appeal is taken, to serve a case, if the application is seasonably made therefor, and good reason shown. An order should be accordingly made permitting the contestants, on or before the 10th day of February, 1894, to serve their proposed case, and to fully perfect their appeal by filing and serving the requisite undertaking on appeal and upon paying $10 costs of opposing this motion to the petitioner.

Ordered accordingly.