Matthew M. Levy, J.
Two proposed final orders were submitted in these proceedings — one by the respondents Katz, Gold and Schimmel, another by the petitioners Ammond and Maguire. These orders were duly settled on notice to all parties. On May 4, 1962, I rejected the latter proposed order; and, after making some corrections and substantial changes in the former, I signed and caused it to be duly filed on that date.
Among the changes I made in the order which I signed, I struck therefrom certain proposed provisions for allowances to counsel and added the following: “ ordered, that the matter of the fixation of the amounts of allowances to Rabinowitz & Boudin, Esqs., I. Philip Sipser, Esq., and Vladeck & Elias, Esqs., attorneys and counsel in these proceedings, is reserved for a supplemental order to be entered after the time to appeal from this order has expired, or if an appeal be taken, then after final determination of the appeal, as provided in Section 1514-a of the Civil Practice Act;”
Another provision that I added to the order which I signed was that 1 ‘ any party, upon due notice, may apply for further or other relief at the foot of this order as may be appropriate in the circumstances.”
It appears that a copy of the order as signed was not served with notice of entry until July 2, 1962, and it was then so delivered by the attorneys for the- respondents to the attorneys for the petitioners “ asa courtesy, not as a waiver of our clients’ rights” — it being the contention of the respondents that the time to appeal began to run from the date of the entry of the order, and the contention of the petitioners that, since their order was not signed, the time to appeal from the order which was entered did not begin to run until the service of a copy thereof, with notice of entry (Civ. Prac. Act, §§ 592, 612).
Thereafter, a proposed supplemental order was submitted to me by the respondents providing for certain allowances, and reciting that “ the time to appeal [from the final order] having elapsed with no appeal noticed by counsel for any party ”. The petitioners object to the supplemental order as inoorrect and premature.
*297 The time fixed within which to take an appeal may not (except in certain situations not here applicable — Civ. Prac. Act, § 99) be extended by a court or a Judge (Berkson v. Schneiderman, 280 App. Div. 142), and probably not by stipulation of the parties (Ocean Acc. & Guar. Corp. Ltd. v. Otis Elevator Co., 291 N. Y. 254; Morris v. Chemical Bank & Trust Co., 291 N. Y. 646; but, see, Matter of Williams, 6 Misc. 512; cf. Matter of Seymour, 144 App. Div. 151).
But I am of the opinion that I have the power — were I of the view that I should exercise my discretion in that respect — to determine the matter of allowances now, albeit that I would be constrained to strike the offending recitals as to the alleged non-appeal from the supplemental order as proposed. However, my reasons for having invoked — on my own — the provisions of section 1514-a of the Civil Practice Act are still cogent. That statute provides that “ [w]hen an order or a decree is made in any action or proceeding which involves the construction of a will or an inter vivos trust instrument, or after appeal, the court, in its discretion, may allow to the fiduciary or to any other party to the action or proceeding, such sums as it deems reasonable for counsel fees and other expenses necessarily incurred with respect to such construction in such action or proceeding or on any appeal ’ ’, and that such order or decree 1 ‘ may provide that the fixation of the amount of any allowance in connection therewith be reserved for a supplemental order or decree to be entered after the time to appeal has expired, or if an appeal be taken, then after final determination of the appeal.”
It was quite clear to me all along that the losing party— whoever he might be — intended to appeal from my determination of the proceedings in chief. And the papers before me indicate that, after the final order was signed, the respondents intended to appeal, and that they have served a notice therefor.
Whether that notice is timely, in the light of the circumstances here, is the question. That, it seems to me — as a matter of principle, practice and protocol — should be determined by the court to which, and not from which, the appeal is taken. It was so held in Runkel v. Homelsky, 137 N. Y. S. 2d 870, and I agree with that holding.
The proposed supplemental order is therefore rejected at this time.