Johnson, Ch. J.
 

 The question in this case presents for construction that part of section two hundred and ninety-nine of the Code which provides that, where an assignor is examined as a witness on behalf of the assignee, “ the adverse party may offer himself as a witness to the same matter on his own behalf.” The complaint stated two causes of action, one for bricks sold and delivered by the plaintiffs’ assignor, the other by the plaintiffs themselves. They proved by White, the assignor, that he delivered brisks at a house described as the Eagle-street Zfcuse, and thíjy
 
 *593
 
 also gave evidence tending to prove the quantity of bricks delivered by them. The defendant then proposed, by his own oath, to prove the quantity of bricks which had been delivered by White at the said house, and upon the plaintiffs’ objection the court refused to allow the evidence to be given, holding that it was not to the same matter to which White had been examined. The plaintiffs, in their objection, stated that White had been examined only as to the fact, of the delivery of brick at that house, and had given no evidence as to the quantity delivered, but that the quantity had been established wholly by other witnesses. Whether this statement of counsel was in exact accordance with the facts can only be determined from the statement of the evidence in the case, and that does not affirmatively show it to be correct. If bricks were delivered by White, there must have been some quantity of bricks delivered, and no mode of stating what actually occurred could have entirely excluded the idea of quantity. White’s testimony may have lsft the quantity uncertain, but it cannot have so completely excluded the idea of quantity as to render that another and not the same matter. Suppose the demand had been for money loaned, and the assignor had testified that he lent to the defendant money in a bag, can it be that the defendant could be prevented from testifying how much the bag contained on the ground that such testimony would not be to the same matter. The language of the statute does not limit the right of the defendant to the mere right of contradicting the assignor. It regards the testimony of the assignor as relating to some matter in the cause and gives to the defendant the right to speak upon and in respect to the same matter. It necessarily includes the right to render that certain and definite which the assignor, by his testimony, he having spoken in respect to it, has left uncertain and indefinite. The testimony of the defendant which was excluded was limited, by the offer, to the quantity which White himself delivered at the Eagle-street House. It
 
 *594
 
 therefore related, to the subject on which White’s .testimony had been given, and tended oñly to render certain that which he had left uncertain. It should have been received
 

 All the judges concurring,
 

 Judgment reversed and a new trial ordered.