## SUPREME COURT.

GARDNER P. ANDREWS, administrator, &c., of BLANCHARD, agt. FRANCIS B. WALLEGE, administrator, &c., of FAIRCHILD.

A *surrogate* has no jurisdiction, on the petition of a creditor, to try the validity or merits of his claim, when disputed by the executor or administrator. (*This agrees with Magee, admr.,* agt. *Vedder,* 6 *Barb.* 352; *and Disosway* agt. *Bank of Washington,* 24 *Barb.* 60.)

*New-York General Term, May,* 1859.

APPEAL from an order of the surrogate of the city and county of New-York, deciding as to the validity of the claim of a creditor.

———— *for appellant.*
———— *for respondent.*

By the court—INGRAHAM, Justice. The question submitted to us on this appeal is, whether the surrogate has jurisdiction on the petition of a creditor to try the validity of his claim when disputed by the executor or administrator. The surrogate in this case assumed to do so, and decided against the administrator, who now appeals to this court.

It must be conceded that there is no express authority in the statutes authorizing such a trial. There are cases where the surrogate has limited powers to make the investigation as to disputed claims, but none of those cases extends to a case like the present. In 3 *R. S. 5th ed. pp.* 188–9, §§ 13, 16, such power is given to the surrogate; but that is a case where the executor or administrator applies for leave to sell real estate to pay debts, and where, of course, he admits the debt to be valid. In such a case, the heir or devisee is permitted to deny the validity of the claim, to show that the real estate should not be sold, and the surrogate's decision only applies to that question.

In 3d vol. R. S. p. 162, § 78, a like power is given after a final accounting, to settle as to the claims of creditors, legatees, &c., but it may well be doubted whether such authority even ·there is given to try the validity of a claim which is totally rejected by the executor.

In 3d vol. R. S. p. 175, the provisions for reference of disputed claims show that the legislature did not intend to place the trial of them under the control of the surrogate; for in such cases the statute requires the agreement to refer to be filed in a law court, and the proceedings thereon to proceed to judgment in that court, before the surrogate can act in directing its payment.

The case of *Fitzpatrick* agt. *Brady* (6 *Hill,* 581), relied upon by the respondent, merely holds that the proceeding before the surrogate, on petition of a creditor to anticipate payment of a claim before eighteen months had expired after letters testamentary, necessarily involved an examination as to the validity of the claim, for the purpose of deciding as to the propriety of granting the order asked for; but the same case holds that such examination was not binding upon the parties, and only concluded the creditor as to his application to anticipate the payments, leaving him to his action at law to enforce the debt, if disputed by the executor or administrator.

The case of *Kidd* agt. *Chapman* (2 *Barb. Ch. Rep.* 414) was upon a judgment against the testator, and the decision in that case has been considered as not based on a reference to the statutes above referred to. In *Weston* agt. *Baptist Ed. Society* (10 *Barb. Rep.* 308), the correctness of that case is doubted, and Justice BROWN then held that the surrogate had no authority to take cognizance of a disputed claim on the application of the creditor.

In *Magee, admr., &c.,* agt. *Vedder* (6 *Barb. S. C. Rep. p.* 352), the general term at Albany held expressly that the surrogate had no power to decide upon the validity of a claim against an estate when such claim is disputed by the executor. The full examination of the question in that case, by Mr. Justice

HARRIS, seems to render any further discussion at this time unnecessary.

In *Disosway, admr.*, agt. *The Bank of Washington* (24 *Barb. S. C. Rep. p.* 60), the same doctrine was held by the Monroe general term, and the court there say, that the provisions of the statute only apply to undisputed claims, and that the legislature intended that the power to adjudicate upon the validity of a debt claimed against the estate of a testator should remain exclusively with the courts of law and equity, where it appropriately belongs.

With these decisions we concur, but even if we doubted the correctness of either of them, we think that two successive decisions of general terms concurring on the same point, in different parts of the state, should be treated by us as authority until reversed by a higher tribunal.

It is a co-ordinate branch of the same court, and uniformity of decision throughout the state is so desirable as to call for respect by the general terms in the different districts for the decisions of each other, unless in some special case and for special reasons a court might feel compelled to depart therefrom.

The order appealed from should be reversed.

---

# SUPREME COURT.