## WAIT *v.* VAN ALLEN.

The time fixed by statute for the allowance of an appeal to this court in an action originating in a justice's court cannot be enlarged.

Accordingly, where one general term of the Supreme Court had elapsed after the justice's judgment, and at the next term the court allowed an appeal, and directed the order to be entered as of the preceding term, the appeal was dismissed.

MOTION on the part of the plaintiff to dismiss the defendant's appeal. The action was commenced in the court of a justice of the peace where the plaintiff recovered judgment, which was reversed on appeal by the County Court of Saratoga county. The judgment of the County Court was reversed in the Supreme Court on an appeal brought by the plaintiff. This last judgment was pronounced at the September term in 1858, and the judgment was perfected the 22d October following. The next general term of the Supreme Court in that district was held on the first Tuesday of January, 1859. At that time the defendant moved, on affidavits and notice of motion, for an allowance of an appeal in the case to the Court of Appeals; and the motion was opposed by counsel on behalf of the plaintiff. No decision of the motion was made at that

term. The plaintiff's counsel swears that he was informed by the presiding justice, that the motion had been overlooked at that term; and the counsel for the defendant states in his affidavit that the said justice wrote to him that it had not been decided, but that it would be at the next ensuing term. The next general term was held on the first Tuesday of May, 1859, when an allowance of the appeal was granted, and a minute to that effect was made in the proceedings. Prior to the next ensuing general term, which was held in July, 1859, the defendant gave notice of a motion for leave to enter the order allowing the appeal *nunc pro tunc.* Such a motion was accordingly made, and was opposed by the counsel for the plaintiff, but the court granted it; and a final order was thereupon entered that the defendant have leave to bring an appeal to the Court of Appeals, and that the order be entered as of the January term, 1859.

*John K. Porter*, for the motion.

*Edward F. Bullard*, opposed.

DENIO, J.   Up to the time of the amendment of the Code, in 1857, an appeal did not lie to this court in an action commenced before a justice of the peace. It seems to have been considered that two separate reviews before successive tribunals afforded as great a scope for litigation as it was proper to allow in these small causes. The judgment of the Supreme Court was, therefore, made conclusive. But, by the amendment of 1857, referred to, the restriction on the right to appeal was expressed in the following language: "But such appeal shall not be allowed in an action originally commenced in a court of a justice of the peace, * * * unless any such general term shall, by order duly entered, allow such appeal before the end of the next term after such judgment was entered." (Code, § 11; Laws, 1857, ch. 723.)

In terms, the provision certainly is, that the allowance of the appeal, to be effectual, must be actually granted before the end

of the next general term, and that an order to that effect must be duly entered within the same time. Neither of these things was done within the time limited. I am of opinion that the Supreme Court could not lawfully extend the time mentioned in the statute, and that, when the January term of the Supreme Court in the fourth district had adjourned without deciding the motion for an allowance of the appeal, no power remained to grant the allowance, either by the ante-dating of the order or by any other fictitious proceeding. The power of the court respecting the case was exhausted; and the plaintiff had an absolute right to the fruit of his recovery, of which it was not in the power of the court to deprive him. If the time for obtaining this allowance had been fixed by a general rule of the court, it would have been a matter of course to relieve the party from the *laches* upon his showing a sufficient excuse; and the inadvertance of the judges of the general term by which the motion was overlooked would have furnished an adequate ground for relief. But this court could not dispense with an express provision of the statute. This is very plain upon principle; and the point has been, a great many times, affirmed. In *Jackson* v. *Wiseburn* (5 Wend., 136), a judge had enlarged the time for sureties on a writ of error to justify. The statute had fixed ten days as the time within which they should justify, or the writ of error was to be superseded. Judge MARCY decided that the enlargement of time was illegal. " It is the ordinary course of the court," he said, " to enlarge the time to plead or other time prescribed for any other purpose by the rules or practice of the court, upon cause shown; but neither a commissioner in vacation nor the court in term can enlarge the time within which an act is to be done, when such time is regulated by statute. The rules and practice of the court, long established by the court, may be made to yield to circumstances to promote the ends of justice. Not so as to a statute. It is unbending, requiring implicit obedience as well from the court as from its suitors. The court possesses no dispensing power," &c. The same point was held in *Caldwell* v. *The Mayor, &c., of Albany* (9 Paige, 572), where the time for appeal-

ing from a decree of a Vice-Chancellor, which was prescribed by statute, had expired, and the Vice-Chancellor had denied an application to vacate the decree in order to give the party an opportunity to appeal. The Chancellor affirmed the order, saying that where the time of appealing is fixed by statute, if the appeal is not brought within the time allowed by law, the court cannot extend the time, even upon an excuse shown; as the lapse of time in that case is an absolute bar to the appeal. A similar decision was made in *The Bank of Monroe* v. *Widner* (11 Paige, 529), where it was moved to vacate a decree in order to allow time for an appeal, but the motion was denied on the same ground above mentioned; and the doctrine was approved in an opinion of this court in *Humphrey* v. *Chamberlain* (1 Kern., 274). In that case, a judgment was set aside by the Supreme Court and ordered to be re-docketed in order to allow the plaintiff to lay an appeal, he having suffered the time to elapse. We held that the order was not one from which an appeal would lie, but at the same time took occasion to say that the practice in the Supreme Court was illegal.

In the present case the evidence is undisputed, that the next general term after the judgment of the Supreme Court passed by without any allowance of the appeal, or the entry of any order respecting it. The court afterwards undertook to relieve the party by ante-dating the order of allowance made at the ensuing term, when they were utterly without jurisdiction to act at all upon the subject.

The legislature has manifested a policy to restrict, as far as practicable, the prevailing spirit of excessive litigation, by the unusually strict manner in which it has limited the power of allowing a third appeal from justices' judgments, and by the express direction that the allowance shall not only be made at the next term, but that the decision shall be expressed in an order duly entered. As the allowance of the appeal is to be by the same court which rendered the judgment, no fresh deliberation upon the merits of the case could possibly be required; and, hence, it was determined that a motion for an allowance should not be held over to a subsequent term, but

should be decided at once. It would be strange, indeed, if this policy, so precisely expressed by the statute, could be superseded by a few words added to an order made after the time within which the general term could legally entertain the subject had expired.

The motion to dismiss the appeal should be granted.

All the judges concurring,

Appeal dismissed