Barnard, J.
I think this order cannot be granted. If a plaintiff chooses to commence an action of interpleader, that action must be governed by the practice and rules which obtained in chancery in such cases. By that practice no such order as the one asked for could be granted until after the bill had been taken pro confesso as against all the defendants. Up to that time the defendants had a right to come in and demur to or answer the bill, and the issues raised by the demurrer or answer were then disposed of in the ordinary manner of disposing of issues; if the plaintiff succeeded on the issues, then he obtained his relief by the decree made thereon. An action under the Code for an interpleader, must take the same course. The defendants have a right within twenty days after the service of the summons and complaint on them to present their objections and defences to the complaint and the relief thereby asked, either by demurrer or answer.
An order granting such relief can only be made after all *436 the defendants have failed either to demur or answer within the time allowed by the Code for an answer or demurrer to be served. On this ground, without considering the other objections urged, I think the motion should be dismissed, with costs. The plaintiff, however, may apply ex parte for an injunction. *440 appeared had only thirty days from that time within which to appeal (Code, § 332). That time having expired, this court has no power to allow one to he now brought (Code, § 405). That such was the intention of the legislature is evident. By section 149 of the Code of 1848 (now section 113), it was provided that “ the court may at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceedings to the facts proved, whenever the amendment shall not change substantially the cause of action or defence.” Under this section no one would claim a power to allow an appeal or exféñdx the time to bring one, and hence section 215 of the Codo of that year (now section 327), simply provided that “ an‘.appeal must be made by the service of a notice in wi#ibg/ón the adverse party and on the clerk with whom judgment or order appealed from is entered, stating the appeal from the judgment or some specified part thereof.” Section 366 of the Code of 1848 (now section 405), read as it now does, except that time to do any act after judgment could not be extended.
In 1849 the legislature made section 149 of the Code of 1848, section 173, and amended it by adding “ the court may likewise in its discretion allow an answer or reply to be made, or any other act to be done after the time limited by this act, or by an order enlarge such time,” &c. This section has not since been materially amended, except that what was added in 1849 has been made a new section and numbered 174. The legislature seems to have foreseen that perhaps under the term “ or any other act to be done after the time limited by this act,” it might be claimed the court had power to allow an appeal after the right (o it was lost, and litigation endlessly prolonged. Regarding an appeal after one hearing as a favor (5 How. 366; 7 Id. 112), to *441 prevent any mistake as to their intention, they added to section 327 of the Code of 1849 (section 275 of Code of 1848, supra), as follows : “ When a party shall give in good faith, notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal (i. e., to give an undertaking, &c.), or to stay proceedings, the court may permit an amendment on such terms as may be just,” showing clearly that they did not intend to give the court power to allow service of a notice of appeal after the right to do so was gone. (5 How. 366; 16 Id. 338.) The whole act is to be taken together, and section 174 construed with reference to this declared intention of the law makers.
That this court has not power to allow an appeal or enlarge the time to bring one has been held in the following cases: (Renouil agt. Harris, 2 Code Rep. 71, Gen. Term Superior Court; Fry agt. Bennett, 16 How. Pr. Rep. 385, Gen. Term Superior Court; De La Figanerie agt. Jackson, 4 E. D. Smith's C. P. Rep. 477, 484; Linsey agt. Almy, 1 C. R. N. S. 139, King, J. Sp. T. 1st Dist.; People agt. Eldredge, 7 How. 108, Barculo, J. Sp. T. 1st Dist.; Morris agt. Morange, 26 Id. 247, Gen. T. 2d Dist.; Enos agt. Thomas, 5 Id. 361, 366, Gen. T. 3d. Dist.; Salls agt. Butler, 27 Id. 133, Gen. T. 4th Dist.; Tripp agt. De Bow, 5 Id. 114, Gen. T. 7th Dist.; Rowell agt. McCormick, 5 Id. 337, Welles, J. Sp. T. 7th Dist.; Ellsworth agt. Fulton, 24 Id. 20, Welles, J. Sp. T. 7th Dist.; Marston agt. Johnson, 13 Id. 93, Gen. T. 7th Dist.; Galt agt. Finch, 24 Id. 193, dubitatur, Gen. T. 6th Dist.; Humphrey agt. Chamberlain, 11 N. Y. [1 Kern.] 274; Wait agt. Van Allen, 22 N. Y. 319; Wells agt. Danforth, 7 How. 197, Ct. Ap. ; Bank Geneva agt. Hotchkiss, 5 Id. 478, Ct. Ap.) The only cases it can be be claimed hold the other way are : (Crittenden agt. Adams, 5 How. 310, Sp. T. Mason, J. 6th Dist.; Traver agt. Silvernail, 2 Code Rep. 96, Sp. T. dicta by Parker, J. who dissented in Enos agt. Thomas, 5 How. 361, and made before that decision; *442 Haase agt. N. Y. C. RR. 14 Id. 43, Marvin, J. Sp. T. contrary to Gen. T. and all decisions in that Dist. and overruled by Gen T. 4th Dist. 27 Id. 136; Toll agt. Thomas, 18 Id. 354, Harris, J. Sp. T. 3d Dist. overruled by Gen. T. 4th Dist. 27 Id. 136; Seeley agt. Pritchard, 3 Duer, 669, expressly overruled by same court, 16 Id. 389.)
It will be seen that there are> only three special term cases holding the power exists, while the court of appeals, superior court, court of common pleas, and the general terms of the 2d, 3d, 4th and 7th districts, and numerous special terms hold the contrary. There should be uniformity in the practice, and general term decisions should be followed by other districts, unless they have already held the other way. (16 How. 289 ; 7 Abb. 416 ; 29 Barb. 350 ; 39 Id. 633.)
In Wait agt. Van Allen (22 N. Y. 319), the question of power in the court to extend time to appeal was certainly up and decided. That case originated in justice’s court. At the term after decision, a motion was made for leave to go to the court of appeals. The motion was not decided until the next term, but was then granted, and finally ordered to be entered nunc pro tunc as of the term when the motion for leave was made. The fault if any, was the neglect of the court, and yet on motion to dismiss the appeal on the ground that the court possessed no power to thus extend the time, the appeal was dismissed, the court holding (p. 321) that as soon as the time within which an appeal could be brought had expired “the plaintiff had an absolute right to the fruit of his recovery, of which it was not in the power of the court to deprive him” (see also 16 N. Y. Rep. 600).
The rule is thus laid down (2 N. Y. Pr. 115-16) by Messrs. Tiffany & Smith: “ The notice of appeal must be given properly and in good faith, within the time allowed by law for appealing, or the right is lost; the court cannot relieve the party who has "omitted this ; but where a party shall *443 in good faith, and within the proper time,- give notice of appeal, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court will permit an amendment.” It was held in this district in the case of People ex rel. Gilchrist agt. Field, late sheriff (argued July General Term, 1856), that service of a copy of the order appealed from, certified as a copy by the clerk, without any notice whatever, or even the name of the respondent’s attorney on it, set the time running within which an appeal must be brought, and that the right to appeal having once been lost, the court could not allow one, and the appeal brought after thirty days was dismissed.
III. Service of notice of appeal against the plaintiffs, on them and the clerk, was of no avail against these defendants. It was not sufficient to authorize the court to allow an appeal against them. Section 321 provides that “ when a party shall give in good faith, notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court may allow an amendment on such terms as may be just.”
(а) No notice of appeal, case, exceptions undertaking or other paper relating to an appeal was served. This provision only allows an “ amendment.” Where nothing has been done there is nothing to amend.
(б) This applies to acts other than service of a notice of appeal, and then only when notice.of appeal has been actually served on the adverse party against whom the appeal is desired, and on the clerk.
In Tripp agt. DeBow (5 How. 114), the notice of appeal was properly served on the clerk, and was also served on the respondent personally, instead of on his attorney. The court held the appellant had not- served notice of appeal as provided by the act. In Fry agt. Bennett (16 How. 385), the appellant duly served notice of appeal from the judgment. Held, it could not be amended so as to make it also *444 an appeal from an order denying a new trial. The court (p. 381) said, “ for the purpose which the appellant has in view, two appeals were necessary, and although it may not be irregular to include both appeals in the same notice, it is authorizing an appeal where none has been taken, to allow an alteration of the notice which has been served, so as to embrace two appeals instead of one, and it can no more be done than a new and separate notice can be permitted.” In Morris agt. Morange (26 How. 247), the notice of appeal was properly served on the adverse party and mailed to the clerk on the last day, but not received by him until four days afterwards. Held (Gen. T. 2d. Dist.), that “ the notice of appeal ivas insufficient to give the appeal effect, and the court had no power to grant any relief to the appellant by which he could make his intended appeal effectual.” So also in Ellsworth agt. Fulton (26 How. 23), the court says, “ to give notice of appeal in order to give the court jurisdiction to allow the amendment under the section, means to make out the notice in writing and serve it on the adverse party and on the clerk.” To serve it upon either and not on the other, is not giving notice of the appeal within the meaning of the section. This I think evident from what the omission is from which the court has power to relieve the party, which is to omit to do any other act necessary, &c. Other than what ? Clearly than to give notice of appeal. No other interpretation is admissible. The only construction which Avould aid the plaintiff Avould involve the following absurd reading of the section: “ When a party shall give in gooff faith notice of appeal from a judgment or order, and shall omit through mistake to give notice of such appeal as required by this section, or to do any other act necessary,” &c. The section is general, and relates to all appeals provided by the Code in civil cases, to which its provisions in Avliole or in part can be made to apply, and that part of it under which the plaintiff seeks relief was intended to apply to such cases *445 as an appeal from a judgment of the supreme court to the court of appeals, where the party appealing has served written notice upon all the'proper persons, hut has neglected by mistake to give the undertaking, or to make the deposit as required by section 334, without which such appeal is not available for any purpose, to a case where it is necessary to have the appeal operate as a stay of proceedings, and such an undertaking has been omitted by mistake; where the judgment appealed from directs the assignment or delivery of documents or personal property, and the party appealing has inadvertently omitted compliance with such directions, which is required by section 336 as a condition of the appeal operating as a stay of proceedings, together with all other cases where something necessary to be done besides giving the notice of appeal, has been 'omitted from the same cause, and which is necessary to perfect the appeal or to stay proceedings.”
IY. But in this case, even if the court had the power to relieve the appellants, they are clearly not entitled to a favor.
(a) Mr. Bates did not omit to serve notice of appeal on Countryman & Moak “ through mistake.” He did not intend to do so. He intended to do just what was done, and nothing more. Ignorantia juris non excusat. Ignorance of law is one thing, omission “ through mistake,” to do an act, quite another. In this case he knew all the facts, and elected to take the consequences. A party is presumed, indeed, bound to know the contents of a judgment from which he appeals.
(&) The law_as to the effect of the appeal he brought was well settled (Point I, supra).
(c) He understood perfectly well the notice was'served to limit his time for bringing an appeal, and insisted he would not bring one.
(d) By allowing an appeal under such circumstances, the court would hold out a premium to claims of mistake and *446 other paltry excuses which can never be denied or disproved, and it is difficult to conceive a case in which a party would not be relieved.
Mason, J.
There can he no doubt, I think, that the appeal in this case as to the defendants Laura, Jane M. and George L., who appeared by Countryman & Moak, their attorneys, is wholly ineffectual. As to them there is no appeal, as no notice of appeal was served upon them or their attorneys. The language of the Code is that “ an appeal must be made by the service of a notice in writing on the adverse party, and on the clerk with whom the judgment or order appealed from is entered.” The 60th section of the statute regulating appeals from a decree of the vice-chancellor to the chancellor, declared that an appeal from a decree or order of the vice-chancellor should “ be made' by serving notice thereof on the solicitor of the adverse party, and on the register, assistant register or clerk with whom the order or decree appealed from was entered ” (2 R. S. 178). The only difference in these two statutes is that the one says that the appeal must be made by the service of a notice in writing on the adverse party, while the other says that it shall be made by serving notice on the solicitor of the adverse party. Now it was adjudged by the chancellor in the case of Thompson agt. Ellsworth and others (1 Barb. Ch. Rep. 624), that the adverse party within the intent and meaning of the statute, was the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from or the modification sought by the appeal, and this it seems to me is the only sensible construction which can be put upon the statute, and it must control in the construction of the 327th section of the Code. It follows, therefore, that there is no appeal as against Laura Carroll, Jane M. and George L. Rathbun, in this. case.
The only remaining question is whether we can allow, *447 by way of amendment or otherwise, this notice to be served after the time for appealing has gone by, so as to "make this appeal effective as against these three defendants. I held some fourteen years ago, in the case of Crittenden agt. Adams and others (5 How. Pr. Rep. 310), that this court had power under the statute to allow an appeal to be taken after the time limited in the Code. The reasons there assigned were, and are now, satisfactory to me for so hold-. ing. The language of the statute is, “ the court may, in its discretion, allow an answer or reply to be made, or other act to be done after the time limited by this act.” I am not, however, justified in adhering to that decision, it has been so badly shaken and repudiated by subsequent decisions in this court (2 Code Rep. 71; 16 How. Rep. 385; 7 Id. 108 ; 26 Id. 247 ; 5 Id. 361; 27 Id. 133 ; 5 Id. 114 ; 24 Id. 20; 13 Id. 93; 24 Id. 193; 7 Id. 197), and especially since the decisions in the court of appeals in the cases of Humphrey agt. Chamberlain (1 Kern. Rep. 274), and Wait agt. Van Allen (22 N. Y. Rep. 319). These cases certainly hold that the time to appeal cannot be extended.
There being no appeal against these three defendants, I do not see how these appellants can be helped out of their difficulty under section 327. That section provides that “ when a party shall give in good faith notice of appeal from a judgment or order, and shall omit through mistake to do any other act necessary to perfect the appeal or to stay proceedings, the court may allow an amendment on such terms as may be just.” This section has no application, for no notice of appeal has been given as regards these three defendants, and by this section the court can only allow an amendment where a notice of appeal shall have been given in good faith, and the party shall, through mistake, have omitted to do some other act than giving the notice of appeal, which was necessary to perfect the appeal. It is very clear to my mind that this 327th section applies to acts other than the service of notice of appeal, and the *448 amendment can then only be allowed when notice of appeal has been" actually served on the adverse party, against whom the appeal is desired to be perfected. (5 How. Rep. 114; 16 Id. 385 ; 26 Id. 247; 26 Id. 23.) There is another reason why this should not be allowed here. There is no mistake shown. The party did not intend to serve any notice of appeal on these three defendants.
We must strike the cause from the calendar as to these three defendants, and refuse to hear the appeal as to any of the matters affecting their interests, with $10 costs.
Parker, P. J., concurred.