SMITH v. CHRISTOPHER.

*Surrogate — authorized to examine claim of executor against estate.　Evidence — declarations of deceased person.*

Where an executor or administrator is a creditor of the deceased, the statute authorizes proof of his claim to, and its examination by, the surrogate, and such executor, etc., is not permitted to retain any part of the property of the deceased without such proceeding.

If a party in interest testifies to declarations of a deceased person, the prohibition in Code, § 399, does not apply, and counter-declarations of deceased are admissible.

Smith v. Christopher.

APPEAL by Abram Smith, an executor under the last will of Edward Smith, deceased, from a decree of the surrogate of Rockland county, upon a final settlement of the accounts of said executor. The respondents are Jane Christopher and another, legatees under said will.

By said will appellant and one Jersey were appointed executors; but Jersey took little part in the settlement of the estate, and is not affected by this appeal. By the will specific legacies were given to appellant and respondents, and appellant and respondent Christopher were named as residuary legatees. The only matters at issue were in respect to a claim by the executor against the estate for a debt due him from the testator, and to the title to a State bond for $3,000, which the appellant claimed to belong to him personally, but the respondents claimed to have belonged to testator.

The surrogate found that the bond belonged to the estate, and declined to pass upon the claim of the appellant against such estate, on the ground that he had no jurisdiction. Other facts appear in the opinion.

*Geo. W. Wager*, for appellant.

*Andrew Fallon*, for respondents.

Present — BARNARD, P. J., TAPPEN and DONOHUE, JJ.

TAPPEN, J. On a final settlement of the accounts of the executor, the surrogate of Rockland charged the executor as such with the sum of $3,000, being the amount of a certain State bond, which, at the testator's death, had been found in his trunk, and which the executor claimed to own as his own property. The executor was a son of the deceased, and the bond was registered in the son's name. The proof shows, and the surrogate has found, that it was the property of the testator ; that the testator's money, in his life-time, was invested in the bond, and that it was put in the name of Abram Smith (the son and executor) solely to evade the payment of taxes by the testator.

At the accounting, all parties being before the surrogate, the executor presented a claim for $2,000 for moneys which he alleged to be his own, and that the testator had in his life-time collected and retained, and the executor offered to prove this claim as

a debt due to him from the testator. The surrogate denied the application, stating in the decree that he had "no jurisdiction to allow or determine the same, and the executor is left to his remedy in a court of law."

Inasmuch as an executor cannot sue himself in an action at law, it is provided by statute, that no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim, until it shall have been proved to and allowed by the surrogate; and the proof of such debt or claim may be made on the service and return of a citation for that purpose, directed to the proper persons, or on the final accounting (2 R. S. 88, § 34), and this course is the general practice. Dayton's Surrogate, 359; *Moore* v. *Moore*, 21 How. 211; *Robinson* v. *Raynor*, 28 N. Y. 494; *Matter of Cunningham*, 1 Hun. 214.

The proceeding is not confounded with the claim of a creditor disputed by the executor, where such creditor is not either an executor or administrator, in such a case the surrogate has not jurisdiction. *Andrews* v. *Wallege*, 17 How. 263. But where an executor or administrator is a creditor of the deceased, the statute expressly authorizes proof of his claim to and its examination by the surrogate, and he is not permitted to retain any part of the property of the deceased in satisfaction thereof, without such proceedings.

The surrogate, on passing upon the claim of the executor to the $3,000 bond, admitted the testimony of a party to the proceeding, being the testator's widow, who testified to her husband's declaration of ownership in himself; the executor thereupon offered two written declarations having the testator's signature, and tending to sustain the executor's title to the bond, and these, on objection, were excluded. We are not now prepared to say how far they are affected or excluded by section 399 of the Code, but if a party in interest testifies to declarations of a deceased person, the prohibition contained in that section does not apply, and counter-declarations are admissible.

Inasmuch as the case must go back to the surrogate to take proof of a claim offered by the executor as a creditor, the whole proceeding will then be before him, and any errors in receiving or rejecting testimony can be corrected.

The decree is reversed, and the proceedings remitted to the surrogate; costs to abide event.

*Ordered accordingly.*