JOHN N. BOUGHTON, EXECUTOR, ETC., OF DAVID FLINT, DECEASED, AND OTHERS, APPELLANTS, *v.* MARY FLINT, EXECU TRIX, ETC., RESPONDENT.

*Surrogate — jurisdiction of, over disputed claims.*

A surrogate has no jurisdiction upon a final accounting to hear and determine the validity of a disputed claim against the estate of a deceased person.

Where, upon a final accounting, the executrix presents an account in which is contained an item for money paid by her to a creditor, in settlement of a claim against the estate, which item is objected to and attacked by her co-executor and by the other persons interested in the estate, the surrogate has no juris-diction to determine as to the validity of the same, or to refer the same to an auditor. (Per SMITH, J.)

APPEAL from a decree of the surrogate of Erie county, on the final settlement of the accounts of Mary Flint, executrix, and John N. Boughton, executor, of the last will and testament of Daniel Flint, deceased.

*L. P. & E. B. Perkins* and *Thos. Cortell,* for the appellants.

*Jacob Stern* and *T. C. Beecher,* for the respondent.

SMITH, J. :

On the accounting before the surrogate, the respondent and execu-trix, Mary Flint, presented a claim against the estate of the testator, in her own behalf, to the amount of $800, with interest from April 15, 1859, for moneys alleged to have been placed in the hands of the testator, on deposit for the said respondent, who was the testa-tor's wife. She also claimed to be credited in her account as execu-trix, with the sum of $1,756\frac{60}{100}$, alleged to have been paid by her in full of a promissory note of the testator, held, at the time of his death, by Mary Brown, who, as appeared from the evidence, was the mother of Mrs. Flint. These claims were allowed by the sur-rogate, after having been contested by Mr. Boughton, the executor and the other parties, who now appeal. The claim for the alleged deposit was heard before the surrogate. The claim for the alleged payment to the creditor, Mrs. Brown, was referred by the surrogate

to an auditor, who reported in favor of the executrix, and his report was confirmed by the surrogate.

After some controversy in the courts on the subject, it seems now to be settled that a surrogate has not jurisdiction upon a final accounting to hear and determine the validity of a disputed claim against the estate of a deceased person. The Court of Appeals is understood to have so held in the case of *Tucker* v. *Tucker* (4 Abb. Ct. App. Dec., 428; S. C., 4 Keyes, 136; see, also, *The Matter of the Estate of John Shaw*, 1 Tucker, 352, and the cases there cited in the opinion of the surrogate of New York; *Shakespeare* v. *Markham*, .10 Hun, 311; *Magee* v. *Vedder*, 6 Barb., 352; *Wilson* v. *The Baptist Education Society*, 10 id., 308; *Disosway* v. *The Bank of Washington*, 24 id., 60; *Curtis* v. *Stilwell*, 32 id., 354.) The debts and claims against the estate, which the surrogate is authorized to settle and determine (2 R. S., 95, § 71), are those only which are undisputed. (Id.) The question whether the surrogate had jurisdiction of the claim presented by the executrix as such, for money paid for her, upon the demand of the creditor, Mrs. Brown, which was disputed by Boughton, the co-executor, is not so clear. Had the claim been disputed by both executors on being presented by the creditor, the surrogate would not have had jurisdiction to try it. Does the fact that the claim was admitted and paid by one of the executors, without the consent and knowledge of the other (he objecting to the claim and disputing it, when informed of it), confer jurisdiction upon the surrogate to investigate, settle and allow it, as a charge in favor of the executor so paying, on the final account; it being then contested by the co-executor, and by some of the parties entitled to distribution.

I am not aware of any case in which the precise question has been considered. The presentation of a claim against the estate to one of several executors, or administrators, is undoubtedly sufficient on the part of the creditor, without presenting it to the others. (*Knapp* v. *Curtiss*, 6 Hill, 388, per BRONSON, J.) And one of several executors or administrators may pay claims presented against the estate, without the knowledge and concurrence, and even against the will of his co-executor or co-administrator. The general rule is, that several co-administrators or co-executors are, in law,

but one person representing the testator, and acts done by one in reference to the delivery, sale, gift or release of the testator's goods, are deemed the acts of all. (*Murray* v. *Blatchford*, 1 Wend., 583; *Wheeler* v. *Wheeler*, 9 Cow., 34; *Stuyvesant* v. *Hall*, 2 Barb. Ch., 151; *Jackson* v. *Robinson*, 4 Wend., 436.) But one administrator or executor acting without the concurrence of his associates, so acts at his peril, and if he pays a claim that is not a valid obligation against the estate, or if he pays more than is due, or to become due, he does it at the risk of being adjudged guilty of a *devastavit*, and of being obliged to account for what he has improperly paid out. (*Murray* v. *Blatchford*, *supra*.) That there are cases in which the person entitled to the personal estate may be relieved against the acts of the executor, and a debtor or creditor, is shown by numerous authorities, some of which are cited by EMOTT, Circuit Judge, sitting for the Chancellor, in *Murray* v. *Blatchford* (*supra*). Among them is the case of *Alsager* v. *Johnson* (4 Ves., 217; *Alsager* v. *Rowley*, 6 id., 748), in which it appeared that an action at law was commenced against executors by an alleged creditor of the testator, the residuary legatees applied to the executors to be permitted to defend, which was refused, a verdict was had, and under it the prothonotory awarded a large sum as due. The legatees filed their bill against the plaintiff in the action, and the executors, impeaching the demand and charging collusion, the legatees were relieved, although there does not appear to have been proof of a fraudulent collusion. Lord ELDON, not passing upon the question of collusion, said, he was inclined to think a decree might be made against the creditor, on the ground that, whether there was a debt due, and to what extent, had never been tried with that searching attention which the legatees had a right to expect from the executors. Now, in the present case, the co-executor and some of the legatees objected to the allowance of the claim of the executrix before the surrogate, on the ground that a considerable part of the debt had been paid by the testator in his life-time. The issue thus made, the surrogate assumed jurisdiction to try, and he ordered it to an auditor, whose report he confirmed.

I cannot resist the conclusion that in so doing the surrogate exceeded his jurisdiction. If he had jurisdiction his decree bars the legatees from proceeding in any other court, and their right to

an action in equity against the executrix and creditor is cut off. I cannot think such a result was intended by the statute which makes the final settlement of the accounts of the executor or administrator conclusive evidence that the charges made in such account, for moneys paid to creditors, etc., are correct. (2 R. S., 94, § 65.) The statute relates, in my judgment, to charges for payment of undisputed debts, and no others. In this respect, sections 65 and 71 are to receive a like construction. The case of *Shakespeare* v. *Markham* (*supra*) seems to be an authority for this conclusion. There a question arose as to the jurisdiction of the surrogate to try a claim which was held originally by the executor and three others, who subsequently assigned their interest to the executor. The claim was disputed by some of the persons entitled to share in the distribution of the estate, and this court held that the surrogate had not jurisdiction to try the claim. The executrix must resort to her action for this claim, when the defendants may avail themselves of such defense as they may have. This question of jurisdiction does not appear to have been raised before the surrogate; it is, nevertheless, available on appeal, but as it is now presented for the first time, the appellants are not entitled to costs.

We also think the surrogate erred in excluding testimony as to the amount actually paid by the executrix upon the note held by Mrs. Brown. The executrix was only entitled to recover what she actually paid.

Decree reversed and proceeding remitted to the surrogate of Erie county, without costs of appeal to either party.

MULLIN, P. J., and TALCOTT, J., concurred.

Decree reversed and proceedings remitted to the surrogate of Erie, without costs of appeal to either party.