one not a party to the instrument is void. Blackman v. Striker, 142 N. Y. 555, 561, 37 N. E. 484. That which was excepted cannot be physically enjoyed by the grantor or result in any honest benefit to him, if to be availed of it would be in derogation of his grant, which included the building, and hence the exception is in effect as large as the substance of the grant. The subsequent clause in the Katz deed of conveyance must, therefore, be held ineffectual to cut down or lessen the grant contained in the prior clause, or to lessen the effect of that grant.

It therefore follows that this last objection must be resolved against the purchaser, and it is unnecessary to give consideration to the other questions presented.

Motion by the purchaser to be relieved from her bid and repaid the moneys expended by her is denied, with $10 costs of motion. Motion by the plaintiff for a resale is granted, but let the purchaser have 20 days wherein to complete her purchase, if she so desires, in which event the direction for a resale will be vacated and set aside.

Let the original affidavits of Mr. Huberty, verified September 15, 1910, and William Battermann, verified September 14, 1910, and the original survey, be filed as a part of the papers on the motion to be relieved from the bid. Let an order covering both motions be settled on notice, the counsel for the respective parties to previously agree upon the recitals.

Ordered accordingly.

---

### In re SEYMOUR'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. TAXATION (§ 900*)—TRANSFER TAX—ASSESSMENT—APPEAL.

Under Code Civ. Proc. § 784, forbidding any court from extending the time fixed by law within which an appeal must be taken, neither the Appellate Division nor the Surrogate's Court may extend the time fixed by Transfer Tax Law (Consol. Laws 1909, c. 60) § 232, within which an appeal from an assessment of the tax must be taken, and where notice of appeal from an assessment is not given in time, an appeal does not become effective, and the court acquires no jurisdiction.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 900.*]

2. TAXATION (§ 900*)—TRANSFER TAX—ASSESSMENT—APPEAL.

The admission by the attorney of the State Comptroller of service of notice of appeal from an assessment of the transfer tax is not a waiver of the failure to give the notice of appeal within the time fixed by Transfer Tax Law (Consol. Laws 1909, c. 60) § 232, and jurisdiction on appeal is not thereby acquired.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 900.*]

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax on the estate of George F. Seymour, deceased. From an order of the Surrogate's Court, affirming an order confirming report of appraisers, the party aggrieved appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Edgar N. Dollin, for appellant.

Henry A. Miller, for respondent.

SCOTT, J. If the appeal to the surrogate had been taken in due time, we should be disposed to hold that the executors might be relieved from their stipulation. It is unnecessary, however, to discuss that question, because an appeal was not taken in time, and neither this court nor the Surrogate's Court has authority to extend the statutory time within which an appeal must be taken.

[1] Section 232 of the transfer tax law (Consol. Laws 1909, c. 60) prescribes how and within what time an appeal in a case like the present may be taken. The appeal is taken by *filing in the office of the surrogate* a notice of appeal, and to be effective such notice must be filed *within sixty days* from the fixing, assessing, and determination of the tax. The appellants in the present case did not file their notice of appeal in time, and consequently the appeal never became effective, and the surrogate never acquired jurisdiction to hear it. Section 784, Code of Civil Procedure, expressly forbids any court or judge to extend the time fixed by law within which an appeal must be taken, and the courts have invariably refused to do so. Wait v. Van Allen, 22 N. Y. 319; Kelly v. Sheehan, 76 N. Y. 325; Clapp v. Hawley, 97 N. Y. 610.

[2] The admission of service of the notice of appeal by the attorney of the State Comptroller cannot be accepted as a waiver of the default in appealing, for the validity of the appeal depended, not upon service of notice thereof upon the attorney, but upon timely filing of the notice in the surrogate's office.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.