In the Matter of the Estate of CHARLES SCHNEIDER, Deceased.

Surrogate's Court, Bronx County, November 15, 1940.

*Hirleman, Vaughan & Ecker* [*David Ecker* of counsel], for the executrix.

*Jerome M. Hirsch* [*Charles A. Jacobs* of counsel], for the State Tax Commission.

HENDERSON, S. The executrix moves for permission to file, *nunc pro tunc,* her notice of appeal to the surrogate from the *pro forma* order assessing the estate tax herein, and for other relief. The State Tax Commission moves to dismiss the notice of appeal served upon its attorney. The motions were consolidated and heard together.

There is no dispute as to the facts. The *pro forma* order was made and entered herein on November 9, 1939. The executrix served a notice of appeal, in which the grounds thereof were stated, upon the attorney for the State Tax Commission on November 18, 1939, and at his request forwarded him an additional copy three days later. No notice of appeal was filed in this court prior to the expiration of the sixty-day period prescribed by statute for the taking of such an appeal. (Tax Law, § 249-x.)

More than a month prior to the termination of such appeal period, the attorney for the State Tax Commission wrote under date of November 30, 1939, to the attorneys for the executrix, referring to a recent decision of the United States Court of Claims in *Kernochan* v. *United States* (89 U. S. Ct. Claims, 507) which discussed *Matter of Fitzsimmons* (158 Misc. 789). His letter also contained the following paragraph: " Kindly give this matter your consideration, as I should suggest, if the facts in your case come within the determination of the *Kernochan* case, that the pending appeal be held in abeyance until a final determination of the holding in the *Kernochan* case by the Appellate Courts."

Thereafter, and during the sixty-day period within which the executrix could have filed her notice of appeal in this court, the

respective attorneys agreed to hold the appeal in abeyance until the final determination of the *Kernochan* case by the Supreme Court of the United States.

Subsequent to such determination the attorneys agreed that the amount of tax fixed in the *pro forma* order was excessive in view of the final decision in the *Kernochan* case, and a stipulation and consent for an appropriate amendment of the *pro forma* order was entered into by the attorney for the State Tax Commission. When the latter learned that no notice of appeal had been filed in this court, it notified its attorney to " therefore make your motion to dismiss." He thereupon withdrew his stipulation and these motions resulted.

The executrix urges relief under the provisions of section 297 of the Surrogate's Court Act, but that statute obviously refers to appeals to the Appellate Division under article 16 of the Surrogate's Court Act, taken as prescribed in section 293 of that act. This section provides for the service of the notice of appeal to the Appellate Division upon each other party and also upon the surrogate or the clerk of the Surrogate's Court. The invoked statute (Surr. Ct. Act, § 297) is not applicable to the present situation. An appeal to the surrogate from his own *pro forma* order assessing an estate tax is authorized solely by a different statute (Tax Law, § 249-x), which permits such an appeal " upon filing in the office of the surrogate a written notice of appeal." No notice or copy need be served upon any party.

Neither this nor any other court can extend the time to appeal from the *pro forma* order. (Civ. Prac. Act, § 99; *Matter of Seymour*, 144 App. Div. 151.) The litigants themselves may extend such time or the respondent may waive the statutory requirements (*Matter of Kane*, 246 N. Y. 498, 505; *Matter of Seymour*, *supra*.) The mere admission of service of a notice of such an appeal is insufficient to constitute such a waiver (*Matter of Seymour*, *supra*), but the conduct of a respondent prior to the expiration of the sixty-day period during which the appellant must file the notice may be such as to effect a waiver. (*Matter of Kane*, *supra*.)

The agreement to hold the appeal herein in abeyance as above noted, was made during such period at the suggestion of the attorney for the State Tax Commission. I find that the latter thereby waived the default of the executrix in filing her notice of appeal within this statutory period, and effected an extension of her time to do so. It is apparent that, if the State Tax Commission had not limited its attorney's theretofore general powers in the premises, the appeal would have been abandoned and the *pro forma* order amended by consent of the respective attorneys.

It should be noted that the court does not intend hereby to censure the attorney for the State Tax Commission. On the contrary, his successful attempt to suspend litigation and to effect an amicable adjustment by stipulation is to be commended.

Upon the hearing, counsel for the State Tax Commission urged that the stipulation for amendment of the *pro forma* order was entered into by the Commission's attorney upon the belief that a notice of appeal had been filed, and that the provisions of section 99 of the Civil Practice Act control. However, the parties themselves may extend the statutory time or waive the statutory requirements. He also conceded that if the appellant's motion be granted, such determination may provide for the amendment of the *pro forma* order in accordance with the stipulation as to the correct tax.

The motion of the executrix is granted and that of the State Tax Commission is denied.

Settle separate orders in accordance with the above-noted concession.